Morgan *v.* Stone.

## ELISHA MORGAN *vs.* LUTHER STONE.

Under *St.* 1852, *c.* 312, § 60, a person interested in the suit, if not a party to the record, is a competent witness, although he ought to have been joined in the suit with the party calling him.

Morgan v. Stone.

THIS was an action of contract to recover for building a dam stipulated to be built by William S. Wheeler for the defendant, Luther Stone, the payments for which, with the exception of fifty dollars, had been assigned to the plaintiff, who was also surety for said Wheeler, for the due fulfilment of his contract. At the trial in the court of common pleas, before *Byington*, J. the plaintiff offered said Wheeler as a witness, to whom the defendant objected as incompetent, but the objection was overruled. The verdict being for the plaintiff, the defendant moved in arrest of judgment, because said Wheeler was not joined as coplaintiff, which motion was overruled and the defendant excepted. Argued in January, 1854.

*G. T. Davis*, for the defendant.

*C. P. Huntington*, for the plaintiff.

BIGELOW, J. We have not considered the question whether Wheeler should have been joined as coplaintiff in this action, because we are all of the opinion that the objection urged by the defendant on this ground is not open to him in this stage of the cause. The nonjoinder was not objected to by an answer in abatement, or in bar upon the merits, nor was the point raised on the trial, or ruled upon by the court. The defendant having gone to trial on the merits and taken his chance for a favorable verdict, without raising the objection, must be held to have waived it. If it had been seasonably taken, the plaintiff might have had leave to amend under *St.* 1839, *c.* 151, § 2, by making Wheeler a coplaintiff. It would be most unreasonable to permit the defendant now to avail himself of this defect in the plaintiff's writ, if it were ever so well founded. Besides ; the defendant is precluded from taking this objection on a motion in arrest of judgment. The *St.* 1852, *c.* 312, by which the proceedings in this action are regulated, expressly provides in § 22, that "no motion in arrest of judgment for any cause existing before verdict shall be allowed in any case where a verdict has been rendered, unless the same affects the jurisdiction of the court." This case does not fall within the exception. Wheeler not having been a party to the record, was a competent witness *St.* 1852, *c.* 312, § 60, *Palmer* v. *White*, 10 Cush. 321.

*Exceptions overruled.*